Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Casey Fagan, | : |
| | : |
| Plaintiff, | : Civil Action |
| | : Docket No. |
| v. | : Jury Trial Demanded |
| | : |
| Performant Healthcare, Inc., and Machinify, Inc., | : |
| | : |
| Defendants. | : |

**COMPLAINT**

**Summary**

1. This is an FMLA case in which Defendants fired Plaintiff on the day she returned from FMLA maternity leave.

   6-30-21 –   Start of employment.
   4-3-25 –    $4,000 bonus.
   7-18-25 –   Plaintiff informs employer she is pregnant and will need to take leave.
   9-30-25 –   Performance improvement plan.
   11-1-25 –   First day of FMLA leave.
   1-26-26 –   Last day of FMLA leave.
   1-27-26 –   Plaintiff terminated on date of return from FMLA leave.

2. Defendants violated the letter of the law at 29 U.S.C. § 2614(a) by not restoring Plaintiff to the same or equivalent position, which constitutes FMLA interference. Defendants also retaliated against Plaintiff for requesting and taking FMLA leave by putting her on a performance improvement plan and terminating her.

3. Defendants put Plaintiff on a performance improvement plan for a one-month period ending with the start of her FMLA leave.  The performance improvement plan did not make sense for three reasons:  (a) Plaintiff received a bonus shortly before the performance improvement plan, (b) the performance improvement plan complained about issues allegedly going on for years, but Plaintiff received positive annual performance evaluations for every year until the performance improvement plan, and (c) Defendants entrusted Plaintiff with the responsibility of training a new manager-level employee just before Defendants put Plaintiff on the performance improvement plan.

4. Plaintiff is filing a charge with the Equal Employment Opportunity Commission and will seek leave to amend to add pregnancy discrimination claims once she receives a notice of right to sue.

**Parties**

5. Plaintiff is an individual residing in Pennsylvania.

6. Defendant Performant Healthcare Inc. is a Delaware corporation with a principal place of business in Florida.

7. Defendant Machinify Inc. is a Delaware corporation with a principal place of business in California.

**Jurisdiction and Venue**

8. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Family and Medical Leave Act.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Venue is also proper under 28

U.S.C. §§ 1391(b)(1) and 1391(c)(2) because the Defendants are entities subject to personal jurisdiction in this District.

**Facts**

10. On 6-30-21, Defendant Performant Healthcare hired Plaintiff as a manager of healthcare audit appeals, a position Plaintiff held until her termination.

11. In 2025, Defendant Machinify Inc. acquired Defendant Performant Healthcare Inc. and began paying Plaintiff's salary and administering Plaintiff's FMLA leave through its own HR department.

12. Plaintiff supervised up to 28 employees at any given time.

13. Plaintiff received positive annual performance reviews.

14. On 4-3-25, Plaintiff received a $4,000 bonus.

15. On 7-18-25, Plaintiff informed her supervisor that she was pregnant and would need to take maternity leave.

16. In late August of 2025, Defendants hired another employee with the same position as Plaintiff, manager of healthcare audit appeals.

17. Plaintiff trained the new manager of healthcare audit appeals from 9-15-25 until Plaintiff's leave began.

18. On 9-30-25, Defendants put Plaintiff on a performance improvement plan.

19. Plaintiff's FMLA leave began on 11-1-25 and ended on 1-26-26.

20. On 1-27-26, Defendants terminated Plaintiff.

21. While Plaintiff was on leave, the new manager who Plaintiff had just trained supervised about half of the employees previously under Plaintiff's supervision.  The other half were

transitioned to other management during Plaintiff's leave with the intention to bring them back under Plaintiff's supervision when she returned from leave.

22. The new manager of healthcare audit appeals was not terminated.

23. The new manager did not take FMLA leave.

24. As a result of Defendants' conduct, Plaintiff suffered damages.

### Count I
### FMLA Interference

25. Plaintiff incorporates by reference the foregoing paragraphs.

26. Plaintiff was an eligible employee under FMLA.

27. Defendants were employers subject to FMLA.

28. Plaintiff was entitled to take FMLA leave due to the birth of her child.

29. Plaintiff gave notice to Defendants of her intention to take FMLA leave.

30. Defendants denied Plaintiff benefits to which she was entitled by failing to restore Plaintiff to her position or an equivalent position.

Wherefore, Plaintiff demands judgment in her favor and against Defendants for damages, interest, liquidated damages, costs of suit, and attorney's fees, and such other relief as the Court may deem just and proper.

### Count II
### FMLA Retaliation

31. Plaintiff incorporates by reference the foregoing paragraphs.

32. Plaintiff was an eligible employee under FMLA.

33. Defendant were employers subject to FMLA.

34. Plaintiff was entitled to take FMLA leave due to the birth of her child.

35. Plaintiff gave notice to Defendants of her intention to take FMLA leave.

36. Defendants put Plaintiff on a performance improvement plan and terminated her.

37. The reason for Defendants' actions was Plaintiff's request for FMLA leave and Plaintiff taking FMLA leave.

    Wherefore, Plaintiff demands judgment in her favor and against Defendants for damages, interest, liquidated damages, costs of suit, and attorney's fees, and such other relief as the Court may deem just and proper.

### Count III
### FMLA Discrimination

38. Plaintiff incorporates by reference the foregoing paragraphs.

39. Plaintiff was an eligible employee under FMLA.

40. Defendants were employers subject to FMLA.

41. Plaintiff was entitled to take FMLA leave due to the birth of her child.

42. Plaintiff gave notice to Defendants of her intention to take FMLA leave.

43. Defendants put Plaintiff on a performance improvement plan and terminated her.

44. The reason for Defendants' actions was Plaintiff's request for FMLA leave and Plaintiff taking FMLA leave.

    Wherefore, Plaintiff demands judgment in her favor and against Defendants for damages, interest, liquidated damages, costs of suit, and attorney's fees, and such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Evan L. Frank
Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

February 18, 2026

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all counts.

Respectfully submitted,

/s/ Evan L. Frank
Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

February 18, 2026